PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)



MAY 18 2020

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE **Southern** DISTRICT OF TEXAS
**Houston** DIVISION

**Frederick Carter #1292315**
Plaintiff's Name and ID Number

**Wallace Pack Unit**
Place of Confinement

CASE NO._____
(Clerk will assign the number)

v.

**Executive Director Bryan Collier - Box 99 Huntsville TX**
Defendant's Name and Address

**Warden David Lofton - Rt 2, Box 4400 Hughes Unit, Gatesville Tx, 76597**
Defendant's Name and Address

**Asst. Warden Clayton - Hughes Unit, Gatesville TX**
Defendant's Name and Address
(DO NOT USE "ET AL.")

**More Defendants, See attached**

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

  A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

  B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

  1. Approximate date of filing lawsuit: **4/2015 Also See Attached**
  2. Parties to previous lawsuit:
     Plaintiff(s) **Frederick Carter**
     Defendant(s) **Brad Livingston et. al**
  3. Court: (If federal, name the district; if state, name the county.) **U.S. Southern District**
  4. Cause number: **4:15-CV-02338**
  5. Name of judge to whom case was assigned: _____
  6. Disposition: (Was the case dismissed, appealed, still pending?) **Going to trial Covid-19**
  7. Approximate date of disposition: **Postponed April 6th 2020 date.**

Rev. 05/15

2

II. PLACE OF PRESENT CONFINEMENT: Wallace Pack Unit, Navasota TX 77868

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? See attached ___ YES ✓ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Frederick Carter — Wallace Pack Unit, 2400 Wallace Pack Rd. Navasota TX 77868 ~~P.O. Box 99 Huntsville~~

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: Bryan Collier - Executive Director P.O. Box 99 Huntsville TX 77342

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

He promulgated a policy which has been prejudicial to me by Noticeably marking my TDCJ file with Bold Black Marker "In Litigation, Do Not Destroy."

Defendant #2: Warden David Lofton, Hughes Unit Gatesville TX, P.O. Box 4400 Gatesville TX 76597

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

He adopted and had in place a prejudicial & retaliatory system, failed to Properly manage his subordinates

Defendant #3: Assist Warden Clayton, P.O. Box 4400 Gatesville TX, 76597

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

He discriminated against me and retaliated against me due to myself having Legal litigation against TDCJ.

Defendant #4: Major Lighten, P.O. Box 4400 Gatesville TX 76597

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

He was discriminatory and prejudicial against me in UCC hearings

Defendant #5: Sgt. Groover, P.O. Box 4400 Gatesville TX 76597

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

He discriminated against me due to my Disability and retaliated against me due to ongoing litigation against TDCJ

Defendant #6: Ms. Taylor, Property Officer - Box 4400 Gatesville TX 76597

This defendant Loss the Plaintiff's Propert

Rev. 05/15

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Claim #1 See attached Page #2 for all Claims to Be Listed against these Defendants

VI. RELIEF: Compensate me and all of the things Listed Below;

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. First, injunctive Relief to Stop Marking Litigation Offenders openly on their TDCJ Files. Second, Stop allowing TDCJ to violate ADA rights. Third, replace property + Pay considerable amount for irreplaceable property lost. Fourth, Review how TDCJ houses inmate in violation, Fifth, Stop Retaliation against me + other Offenders, Sixth: Propose New disciplinary procedures So as inmates will have some type of fair chance instead of a 100% Guilty Rate for TDCJ hearings

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Frederick Groom

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

Texas #1292315      West Virginia - Unavailable

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___ YES ✓ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date sanctions were imposed: _____
4. Have the sanctions been lifted or otherwise satisfied? ___ YES ___ NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed?  **Not to my knowledge** ___YES ___NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): _____
   2. Case number: _____
   3. Approximate date warning was issued: _____

Executed on: **May 12, 2020**
DATE

*Frederick Carter*
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this **12th** day of **May**, 20 **20**.
         (Day)                   (month)        (year)

*Frederick Carter*
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

5

Page #1

Defendants:

Major Lighten - Hughes Unit, Gatesville TX

Sgt. Groover - Hughes Unit, Gatesville TX

Property Officer Ms. Taylor - Hughes Unit, Gatesville TX.

**Additional Lawsuits:** Frederick Carter V. Stalinsky, Moore, Nguyen and Jackson 9:17-CV-40 / Carter V. Boyd 9:19-CV-163 Carter V. Lt Andrews 9:19-CV-164 all Cases were severed from the one Lawsuit in the Southern District Court and these Cases were all sent to the U.S. Eastern District Court, Lufkin Division.

III. Exhaustion: Waiting on Step Ones to be returned, 2 year time Limit is nearing for me to file this Lawsuit. If Step One's answers are ever returned, will exhaust administrative Remedies as is required. But several months have already passed and I have written the grievance Department about them several times and as usual, they never reply and tell you anything. I have had so, so much trouble in the past with Lost grievances. But I do have Copies of all grievances submitted, just in Case. But as all Grievances are returned " No further action Warranted!" That is if they are ever answered or returned at all.

Claim #1                                                                    Page #2

① Executive Director Bryan Collier has a system set into place that is biased and prejudicial to any offender whom takes legal action against TDCJ, as myself has done and since the onset of starting Case #4:15-CV-02338 in the Southern District Court against TDCJ, a very obvious and noticeable marking was placed on my TDCJ file which in Big, Bold, Black Marker, reads "In Litigation, Do Not Destroy." With this said designation so open and obvious on the front of my file, has cause me so much prejudicial treatment and retaliatory treatment because of such. This file is present in all matters related to me and as soon as Officials pick up my file, usually they respond "What do you have a lawsuit against TDCJ for?" And because of this said designator on my TDCJ file, it has caused me to recieve very unfavorable reviews and decisions in a prejudicial and retaliatory manner Because my file does have this ever present markings on the outside of my TDCJ file.

② In UCC meetings of July 2019, Assistant Warden Clayton asked about this Lawsuit against TDCJ as soon as he picked up my file and showed a strong displeasure in me for pursuing my right to file a lawsuit and at this UCC meeting Assistant Warden Clayton denied to upgrade my Custody Level based on his animosity and prejudiceness because I had this ongoing legal litigation against his Employer, TDCJ.

③ On January 9th 2020, Major Lighten was on my UCC Committee and He also was more worried about what type of Litigation that I had against TDCJ, which is clearly visible when my file is picked up from the Big, Bold, Black Marker designation "In Litigation, Do Not Destroy," on the front of it. And some Days later after this date, again Major Lighten was asking about this Lawsuit and proceeded to give me an unfavorable Review in this UCC reclass hearing, prejudicially & retaliatoraly.

④ On January 2nd 2020, Sgt. Groover retaliated and discriminated against me, by not even filing an Offender Protection Investigation report (OPI), which I was desperately trying to file, due to other inmates trying to extort and take my commissary by means of threatening me with physical violence. As Sgt. Groover was not at his B-Pole Post and I felt threatened on the bowling alley by other Offenders and No Staff was at 7 and 8 gate post, I resorted to go to the safety of Hughes Unit infirmary, at which time, I immediately told the Officer stationed there that I needed to file an OPI. She called Sgt. Groover, and I explained to Him. He said that he would have to lock me up pending an investigation and I agreed. Then from point one, his other Ranking Staff was on him for not being at his post at B-pole, then They said if the camera shows that he was at B-Pole, write me up for coming to the infirmary to report this OPI. My vitals had to be checked prior to going to Lock-up for an OPI and they were very much elevated and as I waited, I continued to explain my OPI to Sgt. Groover and another Officer. Finally my vital signs went down and I was taken by Sgt. Groover to 12 building to be housed. It was close to shift change and Sgt. Groover was extremely mad at me and upset that his ranking Superiors were scolding him for leaving his B-Pole Post. As I waited for Sgt. Groover to find me the appropriate housing, he came back and asked could I walk up steps and I said "No, Look at me on this cane and in this back Brace, No I cannot." He stated "Well you don't have any other choice." I said "I am Bottom Bunk, Bottom Row Restricted." He said "I don't care, 11 building is full and it's the only house that I can find for you." He proceeded to take me to a Two Row Cell which I was handcuffed and had to walk up these steps and when Sgt. Groover was leaving and I was vehemently complaining, He said "I don't give a "F---, file another Lawsuit."

⑤ For several Days, I was not given any Blanket or Sheets in this very, very Cold cell, nor any mattress to sleep on. For three days I was forced to inter-change sleeping on the Cold Hard steel Bunk and the Cold Hard cement floor in air Conditioned Freezing temperature. On this third day I was given a

mattress contaminated with pepper-spray as it was taken from a cell a few doors down where another inmate was maced and taken out of this cell. Also on this date of Jan. 5th, 2019 I was also given sheets and a Blanket from this same cell, which were also contaminated with mace and caused me to have skin irritation and eye irritation. I complained to Officers and they said "F____ You, file another Lawsuit." When the Laundry Department came days later, they did exchange these contaminated sheets, but stated that they did not have any blankets available, thus I suffered tremendously with burning skin and eyes for my entire stay in 12 Building and Officers were very prejudiced to me when I tried to get help with this matter and others and they would openly state, "I don't care if you file a Lawsuit on me."

(6) On January 9th 2020 I went to a (UCC) Unit Classification Committee Hearing at which time I was under the impression that I was in Lock-up for filing an (OPI) which I had relayed to Sgt. Groover and other Staff on Jan. 2nd, and the Major Case Lady served me with a Major Case for refusing housing, written by Sgt. Groover, falsely and in retaliation. Sgt. Groover never even did his duty to report or document the fact that I feared for my safety. Only at this UCC meeting did a member present initiate an OPI investigation as I relayed to her my fearful situation. I was Livid! At this same UCC meeting Major Lighten inquired about my Lawsuit against TDCJ. At this UCC meeting my file adourned a New Sticker on the front of it, with a Big White Page attached and taped to the Front, indicating that I had ongoing litigation against TDCJ.

(7) On January 7th a property officer brought me my property from my cell which security was supposed to have packed as I was Locked up on the morning of Jan. 2nd in the infirmary. When this property was brought to me, all commissary was missing, my Legal Work and Legal Books, my radio, Hot Pot, Headphones,

night Lamp, shower slides, family pictures (irreplaceable, some of my Dear Brother whom died of cancer). I wrote everyone from the Executive Director on down to David Lofton the Hughes Unit Warden and Property Officer Ms. Taylor. On a date close after, Ms. Taylor brought me a pair of shower slides and said that she needs property papers for the rest of my belongings. The commissary was gone, this happens regularly when Officers are supposed to pack the inmates property when he gets Locked up. I did provide Ms. Taylor with all of the property papers which I could find at the time considering a lot of my property and papers both legal and personal were missing. Officer Ms. Taylor constantly uses profanity and verbally abuses inmates as she did me each and every time that I tried to inquire about my property. Being a God-fearing Christian Man, I just couldn't handle Officer Taylor cursing me like a dog. So I wrote I-60's to her attention which she Never responded to any of them concerning my lost items. When I did get out of Lock-up, Inmates told me that the Officers wrongfully allowed other inmates to pack my property and they aren't supposed to do that. Also on the Morning of February 19th, as I was being transferred, I asked foul-mouth Officer Taylor about my lost property and she said "MF, that ain't my problem anymore, your ass is being transferred with your cry-baby ass, and you can write the Warden about that too, MF."

⑧ On January something, records will show that again I went in front of Major Lighten for my UCC review for a custody level upgrade from a G-4 offender to a G-2 offender. At which time again Major Lighten was more interested in my lawsuit against TDCJ and he did give me a denial and unfavorable review.

⑨ On January 29th 2020, I returned to the Hughes Unit from an appointment in Galveston and upon returning as a G-4 custody offender, they housed me in 11 Building with a Pre-hearing Detention inmate awaiting an assaulting an Officer Hearing, whom was very violent and combatative and He was a G-2 custody Level Offender. For one, G-2 offenders are not ever supposed to be housed with G-4 offenders and Pre-hearing Detention inmates are not supposed to be housed with anyone other than Pre-hearing Detention inmates. Sgt. Frei made me enter this cell and he also stated "Sorry. File another Lawsuit." He made me get in this cell even with this said offender threatening to do harm against me right in front of Him.

⑩ When I got out of 11 Building Hughe Unit housed me in the very same section in which I identified inmates whom caused me to file this OPI, solely done to place my life in danger as in retaliation as Officers openly told me, "That's what you get for filing Lawsuits." Even Though as always, Officials find no credit in claims when inmates issues an OPI investigations, at least They don't house The individual in the same Pod + Section to which I identified in the OPI which these inmates lived in.

A) When I filed this OPI on January 9th, I wrote about the wrongs of Sgt Groover and Later on as it was investigated, by a Lt., he made me write a whole new Statement and told me "This is not a Lawsuit, so you can take all of that information about my Sgt. Groover out of it or I'm just going to deny it anyhow as you are not in any danger."

⑪ These Defendants had a policy and regular practice to discriminate and retaliate against me for exercising my right to file a Lawsuit. I also was denied custody legal upgrades as my file was marked with an Obvious and viewable designator which cause biased and prejudicial decisions whenever TDCJ Officials and Employees picked up my file and even before opening it, the outside Cover was Noticeably marked.

⑫ The Defendants violated my ADA rights by making me climb and walk up Stairs, when I have Doctors orders to Bottom Row and Bottom Bunk restrictions and I am on a cane and wear a Back Brace after Major Back Surgery in May 2015.

⑬ I challenge The TDCJ Disciplinary System because it is a sham and does not afford inmates any fair and impartial hearing to which inmates have good time, work time, commissary and recreational priviledges taken, in essence depriving inmates of their liberty to be free and enjoy the few priviledges of prison life and the hearing officer does not base decisions on the Preponderance of the evidence and TDCJ has a 100% guilty Rate

A) The disciplinary Hearing Officer is a TDCJ employee, which makes them partial and sympathetic to the charging Officer and/or staff when it comes to the write-up, testimony and Hearing. Also this hearing Officer shares Offices and regularly eats Lunch, has breaks and socializes with Officers on these Units. Thus not allowing inmates a fair and impartial disciplinary hearing which takes away their Priviledges and Rights to be free such as work time & Good time.

B) Often inmates procedural rights according to the TDCJ Disciplinary rules Book are trounced upon and flagrantly violated as mine were on January 2nd 2020, at which time I was under the assumption that after reporting an OPI investigation, that was the purpose of myself being placed in Lock-up, yet after seven days in Lock-up, and with no 24 hour investigation, no request for my statement or signature on this charge against me as policy states and requires, on January 9th 2020, the Major case Lady comes to this Lock-up cell with a write-up which Sgt. Groover wrote against me prejudicially, falsely and retaliatorally. And no prior notice whatsoever was given to me.

C) Also these Counsel substitutes also share offices and regularly socialize with other staff and do not at all serve the Better interest of inmates. They spend their days along side of the Disciplinary Hearing Officers and they do not at all fight for the inmates in these Hearings.

D) It is truly outrageous that Disciplinary hearing Officers find nearly 100% of inmates guilty of the write-ups which they are given. How does that compute for fair, equal and impartial justice for inmates.

E) TDCJ should not be allowed to govern TDCJ and take inmate's priviledges and right to be free in these totally unfair & unlevel Disciplinary Hearings.

F) Also there needs to be counsel for inmates independant of TDCJ.'